## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| BRENDA WARD, | : | |
| | : | |
| Claimant, | : | |
| | : | |
| v. | : | CASE NO. 5:08-CV-383-HL-GMF |
| | : | Social Security Appeal |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ) determination, denied Claimant's application for social security disability benefits, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). The court's role in reviewing claims brought under the Social

Security Act is a narrow one.  The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1]  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  It must, however, decide if the Commissioner applied the proper standards in reaching a decision.  *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980).  The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings.  *Bloodsworth*, 703 F.2d at 1239.  However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if supported by substantial evidence.  *Id.*

The initial burden of establishing disability is on the claimant.  *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973).  The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic.  *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981).  A claimant seeking Social Security disability benefits must demonstrate that she suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period.  42 U.S.C. § 423(d)(1).  In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act.  20 C.F.R. § 404.1, *et seq*.

Under the regulations, the Commissioner uses a five-step procedure to determine if

---

[1] Credibility determinations are left to the Commissioner and not to the courts.  *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991).  It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence.  *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

a claimant is disabled.   20 C.F.R. § 404.1520, Appendix 1, Part 404.   First, the Commissioner determines whether the claimant is working.   If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities.   Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments.   Next, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations (the "Listing").   Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work.   Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work.   In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling.   *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).   The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal.   *Id.*

## ISSUES

I.      **Whether the Appeals Council erred by denying review of new evidence presented by Claimant.**

II.     **Whether the ALJ properly evaluated Claimant's subjective complaints.**

III.    **Whether the ALJ properly evaluated Claimant's alleged obesity.**

## Administrative Proceedings

Claimant filed for disability benefits on or about October 13, 2004. (T-14). Claimant's application was denied initially and on reconsideration. (T-48-57). Claimant then filed a request for a hearing before an ALJ, which was held on August 1, 2006, in Macon, Georgia. (T-58, 564-92). Subsequent to the hearing, the ALJ found that Claimant was not disabled in a decision dated September 15, 2006. (T-12-22). Although the Appeals Council received additional evidence, thereafter, the Appeals Council denied Claimant's requested review of the ALJ's findings, making the ALJ's decision the final decision of the Commissioner. (T-4-8).

## Statement of Facts and Evidence

Claimant alleges a disability beginning September 1, 1996. (T-12). Claimant acquired sufficient quarters of coverage to remain insured through December 31, 2000. (T-12). After examining the medical records, the ALJ determined that Claimant suffers from coronary artery disease and hypertension, impairments which he found to be severe within the meaning of the Regulations but not severe enough to meet, or medically equal, any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (T-14). After a thorough review of the record, the ALJ found that Claimant has the residual functional capacity (RFC) to perform at the sedentary exertional level. (T-17-18). Because he found that Claimant could perform jobs existing in significant numbers in the national economy, the ALJ made a finding of "not disabled." (T-21).

4

**DISCUSSION**

## I.    Did the Appeals Council err by denying review of new evidence presented by Claimant?

In Claimant's first enumeration of error, she contends that the Appeals Council erred by denying review of new evidence in the form of a sworn statement of Dr. Maher Abdullah, taken on November 3, 2006.  (R-9, p. 13-18).  Claimant contends that, if Dr. Abdullah's statement had been considered, it would have provided objective medical evidence of her angina pain.  *Id.*

The Appeals Council will review an ALJ's decision only when it determines, after review of the entire record, including the new and material evidence, that the decision is contrary to the weight of the evidence currently in the record.  20 C.F.R. § 404.970(b).  New evidence presented to the Appeals Council must relate to the period on or before the ALJ's hearing decision.  *Id.*  In the case at bar, the Appeals Council received the new evidence but determined that it would not alter the final decision of the ALJ.

When the Appeals Council has denied review of new evidence properly presented, a reviewing court must consider whether the denial of benefits is supported by substantial evidence in the record as a whole, including the evidence submitted to the Appeals Council. *Ingram v. Commissioner of Social Sec. Admin.*, 496 F.3d 1253, 1262, 1266-67 (11th Cir. 2007).  If denial of benefits is erroneous, the decision of the Appeals Council is subject to modification, reversal or remand pursuant to sentence four of 42 U.S.C. § 405(g).  *Id.*  In this case, because new evidence was properly presented to the Appeals Counsel, consideration

under sentence four is appropriate.

Claimant erroneously argues for remand pursuant to sentence six of 42 U.S.C. § 405(g). Only where new evidence is not properly presented to the Appeals Council or is first presented to the district court, remand under sentence six of 42 U.S.C. § 405(g) is appropriate. The claimant must establish that (1) new, non-cumulative evidence exists, (2) the evidence is material such that a reasonable possibility exists that the new evidence would change the administrative result, and (3) good cause exists for the failure to submit the evidence at the appropriate administrative level. *Id*. at 1267-68*; Caulder v. Bowen*, 791 F.2d 872, 876 (11th Cir. 1986); *Cherry v. Heckler*, 760 F.2d 1186, 1192 (11th Cir. 1985). Regarding the distinction between remand under sentence four and sentence six, the Eleventh Circuit recently held:

> Sentence six allows the district court to remand to the Commissioner to consider previously unavailable evidence; it does not grant a district court the power to remand for reconsideration of evidence previously considered by the Appeals Council. Because evidence properly presented to the Appeals Council has been considered by the Commissioner and is part of the administrative record, that evidence can be the basis for only a sentence four remand, not a sentence six remand.

*Ingram*, 496 F.3d at 1269.

Here, applicable Regulations entitle Dr. Abdullah's report to little weight. The regulations define medical opinions as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do

6

despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 404.1527(a); *see* SSR 96-5p. The weight afforded a medical source's opinion on the issue(s) of the nature and severity of a claimant's impairments depends upon the following factors: the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, the evidence the medical source submitted to support an opinion, the consistency of the opinion with the record as a whole, the specialty of the medical source and other factors. 20 C.F.R. § 416.927(d). Ordinarily, the opinion of a treating physician is entitled to substantial weight unless good cause exists for not heeding it. *Broughton v. Heckler*, 776 F.2d 960, 961-62 (11th Cir. 1985).

Although Dr. Abdullah made his sworn statement and deposition on November 3, 2006, the relevant time period began six years earlier, in September 2000, when Claimant began seeing Dr. Abdullah (T-217), and ended December 31, 2000, Claimant's date last insured. While Dr. Abdullah was Claimant's treating physician, the length of the treatment relationship, only three months within the relevant time period, entitles his deposition testimony to little weight. Upon review of the entire record, including Dr. Abdullah's deposition testimony, the ALJ's decision to deny Claimant benefits is supported by substantial evidence, and no error is found. Accordingly, no remand is necessary.

## II.   Did the ALJ properly evaluate Claimant's subjective complaints?

Claimant argues that the ALJ erred by improperly discrediting her subjective complaints. (R-9, p. 18-23). 20 C.F.R. § 416.929(a), in relevant part, states that:

> Statements about your pain or other symptoms will not alone

7

> establish that you are disabled; there must be medical signs and
> laboratory findings which show that you have a medical
> impairment(s) which could reasonably be expected to produce
> the pain or other symptoms alleged and which, when considered
> with all of the other evidence (including statements about the
> intensity and persistence of your pain or other symptoms which
> may reasonably be accepted as consistent with the medical signs
> and laboratory findings), would lead to a conclusion that you are
> disabled.

Moreover, the mere existence of impairments does not establish disability; instead, the ALJ

must determine how a claimant's impairments limit her ability to work. *Moore v. Barnhart*,

405 F.3d 1208, 1213 n.6 (11th Cir. 2005).

Regarding credibility, Social Security Regulation 96-7p reads:

> In determining the credibility of the individual's statements, the
> adjudicator must consider the entire case record, including the
> objective medical evidence, the individual's own statements
> about symptoms, statements and other information provided by
> treating or examining physicians or psychologists and other
> persons about the symptoms and how they affect the individual,
> and any other relevant evidence in the case record. An
> individual's statements about the intensity and persistence of
> pain or other symptoms or about the effect the symptoms have
> on his or her ability to work may not be disregarded solely
> because they are not substantiated by objective medical
> evidence.

The Eleventh Circuit has held that in order for a claimant's subjectively alleged pain to be

deemed credible by the ALJ, she must *first* show "evidence of an underlying medical

condition and (1) objective medical evidence that confirms the severity of the alleged pain

arising from that condition or (2) that the objectively determined medical condition is of such

severity that it can reasonably be expected to give rise to the alleged pain." *Holt v. Sullivan*,

921 F.2d 1221, 1223 (11th Cir. 1991).

The ALJ must "clearly articulate explicit and adequate reasons for discrediting the claimant's allegations of completely disabling symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotations and citations omitted). While "[t]he credibility determination does not need to cite particular phrases or formulations," it must sufficiently indicate that the ALJ considered the claimant's medical condition as a whole. *Id.* (quotations and citations omitted).

Here, the ALJ specifically stated that he reviewed the entire record "for both supporting and conflicting indicators of the level of pain," ultimately concluding that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms for that period are not entirely credible or consistent with the objective medical evidence of record." (T-18-19). Applying the *Holt* test to this Claimant's pain allegations, it is found that Claimant failed to overcome the findings of the ALJ by establishing either that the medical evidence confirmed the severity of her pain or that her medical condition was so severe as to reflect the alleged pain. Regarding Claimant's contention that Dr. Abdullah's sworn statement provides evidence of frequent angina pain, as discussed in Section I above, Dr. Abdullah's opinion carries little weight. (R-9, p. 21).

Claimant argues that, if the ALJ and Appeals Council had properly credited her testimony, they would have found that her angina pain required her to miss at least two or three days of work each month, necessitating a finding of disabled. (R-9, p. 22). With no citation to supporting law, Claimant argues that "the medical and testimonial evidence

tendered to the ALJ and Appeals Council, together with the testimony of the vocational expert, shifted the burden of proof to the Commissioner to disprove that she was disabled." (R-9, p. 22-23).

Claimant's brief glosses over the burden-shifting provisions in the five-step disability analysis outlined above.  Once a claimant proves that she can no longer perform her past, relevant work, the burden shifts to the Commissioner to show that, in light of the claimant's residual functional capacity, she can perform other jobs existing in the national economy. *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002); *Jones v. Apfel*, 190 F.3d 1224, 1229-30 (11th Cir. 1999).  Here, the ALJ found Claimant unable to perform past relevant work.  (T-20).  Based on her RFC and VE testimony, the ALJ concluded that Claimant could perform the jobs of telephone information clerk and billing clerk.  (T-21).  It is found that the Commissioner properly carried its burden of proof.

Claimant challenges the ALJ's finding that she is capable of performing full time work.  The Eleventh Circuit has previously held that "only an ability to do full-time work will permit the ALJ to render a decision of not disabled." *Kelley v. Apfel*, 185 F.3d 1211, 1214-15 (11th Cir. 1999).  In this case, the ALJ notes that Claimant's hearing testimony regarding the need for excessive absence from work "was not supported by medical evidence."  (T-20).  As noted above, the ALJ properly discredited Claimant's subjective allegations of pain.

While the VE testified that a hypothetical person's absence from work two or three times per month would preclude that person from work within the regional or national

economy, nothing in the Regulations require the ALJ accept this limitation.  (T-591).  It is the law of this circuit that hypothetical questions posed to a vocational expert must contain adequate assumptions or the answers given cannot constitute substantial evidence of ability to engage in substantial gainful activity.  *Stubbs v. Mathews*, 544 F.2d 1251, 1256-57 (5th Cir. 1977).  However, "the ALJ is not required to pose a hypothetical question assuming limitations that the ALJ does not find credible."  *Sanabria v. Comm'r of Social Sec.*, 2008 WL 5264669, at *5 (11th Cir. 2008) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1160 (11th Cir.2004)).  In this case, it is found that the ALJ included all limitations he properly found credible in the hypothetical posed to the vocational expert.  Accordingly, no error is found.

Therefore, although the Claimant argues that the ALJ erred in discounting her pain allegations, this court finds no error in the decision.  The ALJ applied the appropriate legal standards as to the Claimant's allegations of pain and resulting RFC, and the decision is supported by substantial evidence.

## III.    Did the ALJ err by failing to take into account Claimant's alleged obesity?

Claimant alleges that the ALJ erred in failing to consider her obesity in combination with her other alleged impairments.  (R-9, p. 23-27).  Despite the elimination of Listing 9.09, obesity is still a factor for disability determination according to SSR 02-1p.  That regulation added paragraphs to the prefaces of musculoskeletal, respiratory and cardiovascular body system listings that "provide guidance about the potential effects obesity has in causing or contributing to impairments of those body systems."  The regulation also instructs that

obesity can be considered at other steps of the sequential evaluation process.

As noted above, the sequential disability analysis requires the Claimant to prove that she suffers from an impairment or combination of impairments which prevents the performance of basic work activities; i.e. that she has any severe impairments.  The ALJ "is under no 'obligation to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability.'"  *Street v. Barnhart*, 133 Fed. Appx. 621, 627 (11th Cir. 2005) (quoting *Pena v. Charter*, 76 F.3d 906, 909 (8th Cir. 1996)).  Further, where, as here, the Claimant is represented by council, the ALJ is not subject to a heightened duty to discover all of the facts relevant to a claimant's disability claim.  *Id*.

Respondent presents the following summary of the record in this case:

> Here, Plaintiff did not even list obesity as a disabling condition in any of her Disability Reports or Appeal Disability Reports (Tr. 78, 82, 104, 111).  Medical reports from the relevant time period indicate Plaintiff was "mildly" obese and in no acute distress (Tr. 157, 185, 261).  None of Plaintiff's treating source reports document any functional limitations associated with Plaintiff's weight, nor did they provide any specific treatment recommendations.

(R-10, p. 12).  This Court finds that the ALJ did not err in failing to consider Claimant's

obesity.[2]  The ALJ was under no obligation to further consider impairments Claimant did not

allege.  Here, Claimant has simply failed to carry her burden of proving her disability.

    **WHEREFORE**, it is the recommendation to the United States District Judge that

the decision of the defendant Commissioner of Social Security be **AFFIRMED**.  Pursuant

to 28 U.S.C. § 636(b)(1), Claimant may serve and file written objections to this

recommendation with the UNITED STATES DISTRICT JUDGE within ten (10) days after being

served a copy of this recommendation.

    THIS the 21st day of April, 2009.

                        S/ G. MALLON FAIRCLOTH
                        UNITED STATES MAGISTRATE JUDGE

lml

_____

[2]When discussing obesity in her brief, Claimant largely repeats her reasoning from the
previous section regarding credibility.  Claimant argues that the ALJ should have credited her
subjective complaints of angina pain, making her unable to perform full time work, necessitating a
finding of disabled.  (R-9, p. 25-26).  Even if this Court considered Claimant's obesity
substantively, Claimant's argument would be found unpersuasive for the reasons stated above in
Section II.